Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0615-18-A _____

| | | |
|---|---|---|
| CRISTINA SANCHEZ, INDIVIDUALLY AND AS NEXT OF FRIEND OF XXXXXXX XXXXXXX XXXXXXX AND XXXXX XXXXXXXXX XXXXXXX, MINORS<br>*Plaintiffs*<br><br>v.<br><br>HOME DEPOT USA, INC. d/b/a HOME DEPOT<br>*Defendant* | § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>_____ JUDICIAL DISTRICT<br><br><br><br><br>OF HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CRISTINA SANCHEZ, INDIVIDUALLY AND AS NEXT OF FRIEND OF XXXXXXX XXXXXXX XXXXXXX AND XXXXX XXXXXXXXX XXXXXXX, MINORS** hereinafter referred to as "Plaintiff," seeking damages from Defendant **HOME DEPOT USA, INC. d/b/a HOME DEPOT,** hereinafter referred to as "Defendant Home Depot", and for such causes of action, Plaintiff would show the Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under a level 3 discovery control plan in accordance with the TEXAS RULES OF CIVIL PROCEDURE, 190.4.

**EXHIBIT "A-2"**

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

## II.
## JURISDICTION AND VENUE

Venue is proper in Hidalgo County, Texas pursuant to the Texas Civil Practice & Remedies Code §15.002 (a)(1) as Hidalgo County is the county in which all or a substantial part of the acts or omissions giving rise to this suit occurred.

The Court has jurisdiction over the controversy because Plaintiff's damages are within the minimum jurisdictional limits of the court.

The Court has specific and general personal jurisdiction over Defendant because it has purposely availed themselves of the privilege of conducting activities within Texas; it has have substantial and continuous contacts within the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over the Defendant does not offend the traditional notions of fair play and substantial justice.

Although Plaintiff seeks damages in an amount exceeding the $75,000, federal courts lack jurisdiction over this suit. Plaintiff's claims raise no federal question. Plaintiff seeks no relief under a federal law, statute, regulation, treaty, or constitution, nor does Plaintiff's right to relief necessarily depend on the resolution of a substantial question of federal law. Thus, removal would be improper.

## III.
## PARTIES

Plaintiff, **CRISTINA SANCHEZ**, is the mother of XXXXXXX XXXXXXX XXXXXXX and XXXXX XXXXXXXXX XXXXXXX, both minors. All individuals reside in Hidalgo County, Texas.

**EXHIBIT "A-2"**

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

## II.
## JURISDICTION AND VENUE

Venue is proper in Hidalgo County, Texas pursuant to the Texas Civil Practice & Remedies Code §15.002 (a)(1) as Hidalgo County is the county in which all or a substantial part of the acts or omissions giving rise to this suit occurred.

The Court has jurisdiction over the controversy because Plaintiff's damages are within the minimum jurisdictional limits of the court.

The Court has specific and general personal jurisdiction over Defendant because it has purposely availed themselves of the privilege of conducting activities within Texas; it has have substantial and continuous contacts within the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over the Defendant does not offend the traditional notions of fair play and substantial justice.

Although Plaintiff seeks damages in an amount exceeding the $75,000, federal courts lack jurisdiction over this suit. Plaintiff's claims raise no federal question. Plaintiff seeks no relief under a federal law, statute, regulation, treaty, or constitution, nor does Plaintiff's right to relief necessarily depend on the resolution of a substantial question of federal law. Thus, removal would be improper.

## III.
## PARTIES

Plaintiff, **CRISTINA SANCHEZ**, is the mother of XXXXXXX XXXXXXX XXXXXXX and XXXXX XXXXXXXXX XXXXXXX, both minors. All individuals reside in Hidalgo County, Texas.

**EXHIBIT "A-2"**

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

Defendant **HOME DEPOT USA, INC. d/b/a HOME DEPOT** is a Delaware corporation doing business in the State of Texas, and may be served with process by serving its registered agent:

> Corporation Service Co.
> 211 E. 7th St., Suite 620
> Austin, Texas 78701

## IV.
## FACTS

Plaintiff brings suit to recover damages for personal injuries sustained as a result of an incident that occurred on or about March 9, 2016, at the Home Depot located at 1500 W. Expressway 83, Weslaco, Texas 78596. Defendant Home Depot owns and maintains the premises at said location. Plaintiff was Defendant Home Depot's employee, and was assigned to the outdoor garden department on the date in question.

On or about March 9, 2016, severe thunderstorms developed over the Rio Grande Valley before sunrise, and began to impact cities of South Texas, including Weslaco, Texas, around 8:00 a.m. Plaintiff noticed that the weather was growing increasingly worse as the morning progressed. At approximately 10:00 a.m., Plaintiff called Leonard Garcia, the on-duty supervisor at Defendant Home Depot, to request that the outdoor garden department be closed due to adverse weather conditions, specifically including lightning in the nearby and surrounding areas. Mr. Garcia denied Plaintiff's request. After some time, and worsening thunderstorm activity, Plaintiff once again called Mr. Garcia to request closure of the outdoor garden department given the ganger associated with the inclement weather conditions. During the second call, Plaintiff was finally given the clearance by Mr. Garcia to close the outdoor garden department. As Plaintiff began to close the metal gate that serves as the entrance to the

**EXHIBIT "A-2"**

Case 7:18-cv-00090 Document 1-3 Filed on 03/26/18 in TXSD Page 5 of 10

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

outdoor garden department from the exterior of the store, lightning struck at or near the metal gate. Plaintiff was electroshocked due to the lightning striking the metal gate.

As a result of the incident in question, Plaintiff sustained serious disabling and permanent personal injuries, which were proximately caused by the negligence of Defendant, and its agents, servants and/or employees.

## V.
## AGENCY AND RESPONDEAT SUPERIOR

Whenever in Plaintiff's Original Petition it is alleged that Defendant Home Depot did any act or thing, it is meant that Defendant Home Depot, itself, or agents, officers, partners, servants, employees or representatives, including, but not limited to Leonard Garcia, did such act or thing and it was done with full authorization or ratification of Defendant Home Depot or done in the normal routine, course and scope of the agency or employment of Defendant Home Depot to its agent, officers, partners, servants, employees or representatives.

## VI.
## CAUSES OF ACTION

Defendant committed acts and/or omissions, singularly or in combination with others, which constitute negligence and proximately caused the incident made basis of this action and which resulted in the injuries of the Plaintiff. Defendant breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

At the time of the incident, Defendant Home Depot had a duty to exercise ordinary care in the training of its employees. Defendant Home Depot also had a duty to exercise ordinary care with regard to ensuring the safety of its employees and customers.

**EXHIBIT "A-2"**

C-0615-18-A

Defendant Home Depot breached its duties by allowing the outdoor garden center to remain open, despite the obvious adverse weather conditions. Defendant further breached its duty to train, supervise, or monitor its employees, including Plaintiff, with regard to safety.

Defendant breached their non-delegable duty to use ordinary care in providing a reasonably safe workplace for the Plaintiff. Said breach of Defendant's non-delegable duty was a proximate cause of Plaintiff's injuries.

Plaintiff alleges that the actions or inactions of Defendant Home Depot constituted negligence which was a proximate cause of Plaintiff's injuries set forth below.

## VII.
## WORKERS'COMPENSATION ACT—NON-SUBSRIBER ACT

Defendant is a non-subscriber to Workers' Compensation Act. As such, Defendant had a non-delegable duty to inspect and maintain a safe workplace. In that regard, Defendant failed to inspect and maintain a safe workplace to Plaintiff's detriment. Said breach by Defendant of its non-delegable duties proximately caused Plaintiff's on-the-job injury. Accordingly, Defendant Home Depot is barred from asserting certain defenses including (1) contributory negligence, (2) assumption of risk, and (3) negligence of a fellow employee.

## VIII.
## DAMAGES

As a direct and proximate result of Defendant's conduct made the basis of this lawsuit, Plaintiff Cristina Sanchez, Individually, is seeking the following damages:

1. Physical pain and mental anguish sustained in the past;

EXHIBIT "A-2"

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

2. Physical pain and mental anguish, that in reasonable probability, Cristina Sanchez will sustain in the future;

3. Loss of earning capacity sustained in the past;

4. Loss of earning capacity that, in reasonable probability, Cristina Sanchez will sustain in the future;

5. Disfigurement sustained in the past;

6. Disfigurement that, in reasonable probability, Cristina Sanchez will sustain in the future;

7. Physical impairment sustained in the past;

8. Physical impairment that, in reasonable probability, Cristina Sanchez will sustain in the future;

9. Reasonable expenses of necessary medical care expenses incurred in the past; and

10. Reasonable expenses of necessary medical care expenses that, in reasonable probability, Cristina Sanchez will incur in the future.

Additionally, XXXXXXX XXXXXXX XXXXXXX and XXXXX XXXXXXXXX XXXXXXX, minors, have suffered a loss of services, love, companionship and society, and loss of consortium.

## IX.
## RANGE OF DAMAGES

By order of the Texas Supreme Court effective March 1, 2013, in an effort to further invade the province of the jury system, the Court has modified Texas Rule of Civil Procedure 47(c) and now requires Plaintiff to state a range of damages. Although Plaintiff believes that such an act impermissibly invades the province of the jury, and that by doing so, suggests that jurors are unable to carry out their constitutional obligation to decide this case based upon the facts and arrive at a full and fair measure

EXHIBIT "A-2"

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

of damages suffered by Plaintiff, Plaintiff is forced to comply with this order. Ultimately, Plaintiff will ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her loss. However, by mandate of the Texas Supreme Court and in accordance with the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## X.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the maximum rates allowed by law.

## XI.
## JURY DEMAND

Plaintiff demands a jury trial in accordance with Rule 216 of the Texas Rules of Civil Procedure. Plaintiff tenders with the filing of Plaintiff's Original Petition with Request for Disclosure the Forty ($40.00) jury fee to the Hidalgo County District Clerk.

## XII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a) – (l).

## XIII.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice, that Plaintiff intends to use any and all documents produced by the Defendant in response to written discovery propounded to the

**EXHIBIT "A-2"**

C-0615-18-A

Defendant. As such, the produced documents are self-authenticating pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XIV.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests that Defendant provide timely written notice of its intent to seek admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XV.
## WRITTEN DISCOVERY

Plaintiff Cristina Sanchez herewith serves Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Home Depot USA, Inc. d/b/a Home Depot, as Exhibit A.

## XV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer this petition, and that on final hearing of this cause, Plaintiff have and recover judgment against Defendant, for:

a.  Actual damages;
b.  Pre-judgment interest at the maximum legal rate;
c.  Post-judgment interest at the maximum legal rate;
d.  Cost of Court; and

**EXHIBIT "A-2"**

Electronically Filed
2/14/2018 4:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0615-18-A

e. Such other and further relief, in law or equity, general and specific, to which Plaintiff may be duly and justly entitled.

Respectfully submitted,

**GARCIA & OCHOA, L.L.P.**

By: _____
Ricardo A. Garcia
State Bar No. 07643200
Lino H. Ochoa
State Bar No. 00797168
I. Cecilia Garza
State Bar No. 24041627
Veronica L. Sepulveda
State Bar No. 24081144
820 S. Main
McAllen, Texas 78501
Telephone No.: 956/630-2882
Telecopier No.: 956/630-5393
E-mail: service@gomlaw.com
***ATTORNEYS FOR PLAINTIFFS***

**EXHIBIT "A-2"**