UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CRISTINA SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-90 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court is Home Depot U.S.A. Inc. d/b/a Home Depot's ("Defendant") motion for summary judgment,[1] the response filed by Cristina Sanchez ("Plaintiff"),[2] as well as the reply filed by Defendant.[3] After considering the motion and the relevant authorities, the Court **GRANTS** Defendant's motion for summary judgment.

### I. BACKGROUND

On March 9, 2016 Plaintiff was an associate working at Defendant's store[4] assigned to the outdoor garden department.[5] On that date, Plaintiff called Leonard Garcia ("Garcia"), the on-duty supervisor, and requested that the outdoor garden department be closed due to adverse weather conditions.[6] Plaintiff told Garcia "the weather is bad, rain is bad enough that the department has to be closed."[7] Garcia initially told Plaintiff to "wait."[8] Plaintiff then called Garcia a second time, and Garcia told Plaintiff to close the gate to the outdoor area.[9]

---

[1] Dkt. No. 14.
[2] Dkt. No. 19.
[3] Dkt. No. 20.
[4] Located at 1500 W. Expressway 83, Weslaco, Texas 78596. *See* Dkt. No. 1-3 p. 4 (Plaintiff's original petition).
[5] *See id.*
[6] Dkt. No. 19-4 Plaintiff Dep. 16:9–23.
[7] Dkt. No. 19-4 Plaintiff Dep. 22:21–23.
[8] Dkt. No. 19-4 Plaintiff Dep. 17:1–11.
[9] Dkt. No. 19-4 Plaintiff Dep. 22:23–25.

As Plaintiff walked to the gate surrounding the outdoor area, Plaintiff noticed it was raining,[10] but she testified that she did not hear thunder or see lightning or "that type of activity."[11] Plaintiff was struck by lightning as she closed the metal gate and she alleges she sustained injuries as a result of the lightning strike.[12]

On these facts, Plaintiff filed suit in state court and Defendant subsequently removed.[13] Plaintiff's sole cause of action is negligence.[14] Plaintiff seeks damages and any other relief to which Plaintiff may be entitled.[15]

Defendant subsequently timely filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 on Plaintiff's negligence claim.[16] Plaintiff filed a timely response,[17] and Defendant replied.[18] The Court now turns to its analysis.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[20] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[21] "A fact is 'material' if its resolution could affect the outcome of the action,"[22] while a "genuine" dispute is present "only if a reasonable jury could return a

---

[10] Dkt. No. 14-3 Plaintiff Dep. 15:16–17.
[11] Dkt. No. 14-3 Plaintiff Dep. 26:1–12.
[12] Dkt. No. 1-3 p. 5.
[13] *See* Dkt. No. 1.
[14] Dkt. No. 1-3 p. 5.
[15] *Id.* at pp. 9–10.
[16] Dkt. No. 14.
[17] Dkt. No. 19.
[18] Dkt. No. 20.
[19] Fed. R. Civ. P. 56(a).
[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[21] *See id.* at 323.
[22] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

verdict for the non-movant."[23] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[24]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[25] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[26] Parties may cite to any part of the record, or bring evidence in the motion and response.[27] By either method, parties need not proffer evidence in a form admissible at trial,[28] but must proffer evidence substantively admissible at trial.[29]

As to any question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[30] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[31] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[32]

### III. ANALYSIS

An action for negligence in Texas requires plaintiff to demonstrate: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the

---

[23] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[25] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[26] *See* Fed. R. Civ. P. 56(e).
[27] *See* Fed. R. Civ. P. 56(c).
[28] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[29] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[30] *See* Dkt. No. 1 p. 2.
[31] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[32] *Id*. (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

breach.[33] Neither party raises any issue regarding the first two elements and focus their analysis solely on the third prong: whether any action of Defendant proximately caused Plaintiff's injuries. The Court finds that this prong is independently dispositive of Plaintiff's claims. The Court concludes Plaintiff cannot show that any conduct of Defendant was the proximate cause of her injuries.

Proximate cause includes two essential elements: foreseeability and cause in fact, or causal relation.[34] Foreseeability exists when "the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others."[35] Conduct may be the legal cause of an injury if it "set in motion a natural and unbroken chain of events that led directly and proximately . . ." to a particular result.[36]

Texas courts have long held that a party is not responsible for injury or loss caused by an act of God.[37] To be insulated from liability due to an act of God, the defendant must show that (1) the loss was due directly and exclusively to an act of nature and without human intervention; and (2) no amount of foresight or care which could have been reasonably required of the defendant could have prevented the injury.[38] The absence of human intervention is not "the absence of all human involvement but the absence of human negligence proximately causing the injury."[39] "[T]he act of nature must be unusual or unprecedented. Yet, it need not be the sole, greatest, or harshest violent act ever experienced . . . it need only be so unusual that it could not have been reasonably expected or provided against."[40] For example, a Texas court of appeals in

---

[33] *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).
[34] *Macedonia Baptist Church v. Gibson*, 833 S.W.2d 557, 559 (Tex. App.—Texarkana 1992), pet. denied.
[35] El Chico Corp. v. Poole, 732 S.W.2d 306, 313 (Tex. 1987).
[36] *Hart v. Van Zandt*, 399 S.W.2d 791, 793, 9 Tex. Sup. Ct. J. 66 (Tex. 1965).
[37] *See Gulf, C. & S. F. Ry Co. v. Texas Star Flour Mills*, 143 S.W. 1179, 1182 (Tex. Civ. App.-Galveston 1912, no writ).
[38] *Id.* at 320.
[39] *Id.*
[40] *McWilliams*, 112 S.W.3d at 320.

*McWilliams v. Masterson* found that when a herd of cattle "instinctively" moved with a storm onto a highway and caused a traffic accident that this constituted an act of God, even though the reactions of the drivers to the cattle led to the accident.[41]

In *Macedonia Baptist Church v. Gibson*, a Texas appellate court found that a church was liable for the injuries of a churchgoer that was struck by lightning while leaving services.[42] At trial evidence was presented that the church knew that lightning had struck the church's steeple in the past and that it posed a danger to both the church and the people inside.[43] Further, the church had taken responsibility for installing a lightning protection system but had deviated from the system's installation plan and failed to follow the architect's recommendation.[44] Finally, an expert testified that the lightning protection system was unreasonably dangerous and that the plaintiff's injuries were most probably caused by a "side flash" from the lightning protection system itself.[45] The judgment of the trial court was affirmed on the basis of "factually sufficient evidence to support a finding that Macedonia, once it determined to install and make design changes to the system, was negligent and that its negligence caused [the plaintiff's] injuries."[46]

Here, although Plaintiff does not specifically state the duty she believes that Defendant has, or the conduct that she believes is in breach of that duty, Plaintiff points to the actions and/or omissions of Garcia as the human intervention that caused her injuries.[47] Plaintiff argues that Defendant is responsible for her injuries because Defendant "failed to shut down the outdoor garden department when it began to rain."[48] Plaintiff argues weather conditions, including

---

[41] *McWilliams v. Masterson*, 112 S.W.3d 314, 322 (Tex. App.—Amarillo 2003).
[42] 833 S.W.2d 557, 559 (Tex. App.—Texarkana 1992).
[43] *Id.* at 560.
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] Dkt. No. 19 p. 5, ¶ 4.5.
[48] Dkt. No. 19 p. 10, ¶ 4.12.

lightning, were foreseeable. In support Plaintiff points to the testimony of Holly Schuman ("Schuman"), Front End Supervisor, and Garcia.

Schuman testified that failure to shut down the outdoor department in the event of "rain, thunder, or lightning"[49] would violate the training she received from Defendant, and that the outdoor area would be shut down because of "heavy rain, winds, if the floors are slick even from a moderate rain."[50] Schuman also testified that an associate, such as Plaintiff, cannot make the decision to shut down the outdoor department herself,[51] but that a supervisor, such as Garcia, could make that decision.[52] Garcia testified that "[a]ny amount of rain" would lead to the outdoor area being shut down.[53]

The Court finds that Plaintiff's injuries were an unfortunate act of God and not proximately caused by Defendant's negligence, even assuming *arguendo*, that any action of Defendant's was in breach of a duty to Plaintiff.[54] In order to demonstrate proximate cause, Plaintiff must demonstrate that Defendant's negligence caused the injury, and not just merely that a human was involved in the injury.[55] She fails. Plaintiff's loss was due directly and exclusively to lightning striking the gate at the exact moment that Plaintiff went to close it, an event that occurred without human intervention; and no amount of foresight or care from Defendant could reasonably have prevented the injury.[56] No intervention on the part of

---

[49] Dkt. No. 19-2 Schuman Dep. 55:13–56:5.
[50] *Id*. 30:7–8. Additionally, Plaintiff notes that she requested training documents in her requests for production but that she did not receive them Dkt. No. 19 p. 6, ¶ 4.6, n. 2. Plaintiff does not request that the Court allow additional time for discovery or aver that these documents would alter whether summary judgment is warranted. Accordingly, the Court takes notice of Plaintiff's statement, but does not construe Plaintiff's note as a request for additional discovery pursuant to Rule 56(d).
[51] Dkt. No. 19-2 Schuman Dep. 34:21-25.
[52] *Id*. 53:2–5.
[53] Dkt. 19-3 Garcia Dep.
[54] As the Court noted, neither party raised Defendant's duty to Plaintiff nor what particular action or omission of Defendant's was in breach of that duty.
[55] *Id*.at 321 ("[T]hat a human may have been involved does not matter as long as his negligence, if any, did not also cause the injury.").
[56] *McWilliams*, 112 S.W.3d at 320.

Defendant caused the lightning to strike the gate at the instant Plaintiff touched it. Plaintiff points to no evidence that Defendant knew that the gate would attract lightning or that the gate itself was in some way deficient.

Garcia's decision to delay closing the gate, although it was part of the events, did not proximately cause Plaintiff's injury. Like the cattle in *McWilliams* wandering onto the roadway following their instincts, the lightning struck at the moment and location it did because of an act of nature, and not from any action of Garcia or any other employee of Defendant. Neither did Defendant's negligence, if any, set in motion a chain of events that caused the injury.[57] Garcia's decision to delay, although it indirectly was a part of the reason why Plaintiff closed the gate at that moment, did not set any event in motion that caused the lightning to strike. Indeed, if Garcia had told Plaintiff to close the gate when she first requested, she could still have been struck by lightning. Garcia's delay did not set into motion a series of events that *caused* the lightning strike. It was merely an unfortunate coincidence.

Further, the lightning strike at issue here could not be "reasonably expected or provided against."[58] Defendant had no reason to anticipate a lightning strike on the gate. Plaintiff testified that she herself did not see or hear lightning.[59] Garcia and Plaintiff both only knew that rain was falling, and Plaintiff points to no evidence that Garcia or any other employee of Defendant knew that this particular rainstorm brought an increased likelihood of lightning, or that the rainstorm was more likely to accompany a lightning strike the longer the rainstorm continued. In short, the lightning striking the gate could not have been reasonably expected.

Defendant's conduct here is clearly distinguished from that of the church in *Macedonia Baptist Church.* In *Macedonia*, the church negligently installed lightning protection that

---

[57] *See Hart*, 399 S.W.2d at 793.
[58] *McWilliams*, 112 S.W.3d at 320.
[59] Dkt. No. 14-3 Plaintiff Dep. 26:2–6.

malfunctioned and proximately caused the plaintiff's injury.[60] Thus, the church foresaw that lightning could strike the steeple, and indeed, installed the lightning protection system for the very purpose of preventing such a situation. Unlike in that situation, Defendant, here took no action that a reasonable person would foresee would cause Plaintiff to suffer an injury in a lightning strike.

Thus, Plaintiff has pointed to no evidence that Defendant was the proximate cause of her injuries and, accordingly, her claim of negligence must fail. Based on the foregoing, Plaintiff has not met her burden of establishing a claim of negligence and this claim must **BE DISMISSED**. As this is Plaintiff's only cause of action, Defendant's motion for summary judgment is **GRANTED**.

## IV. HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion[61] for summary judgment and **DISMISSES WITH PREJUDICE** Plaintiff's claim of negligence and Plaintiff's entire action. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of December, 2018.

_____
Micaela Alvarez
United States District Judge

---

[60] *Macedonia Baptist Church*, 833 S.W.2d at 560.
[61] Dkt. No. 14.